**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| GLEN DUNN, <br>     Plaintiff, <br> <br>     v. <br> <br> PALMIRA GOLF & COUNTRY CLUB, <br> INC., and PALMIRA, LLC, <br>     Defendants. | ) <br> ) <br> ) <br> )   CAUSE NO.: 2:17-CV-324-JEM <br> ) <br> ) <br> ) <br> ) |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Disqualify Plaintiff's Attorney [DE 22], filed by Defendants on April 26, 2018. Plaintiff filed a response on May 18, 2018, and on June 1, 2018, Defendants filed a reply.

**I.  Background**

Plaintiff's Complaint seeks compensation for injuries he suffered on a golf course owned and operated by Defendants. There were two witnesses to the accident that caused the injuries, one of them the attorney who is now serving as counsel for Plaintiff. Defendants argue that he should be disqualified from continued representation of Plaintiff because of his role as an occurrence witness in the case.

The parties have consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**II.  Analysis**

The Court of Appeals for the Seventh Circuit has cautioned that disqualification is a prophylactic device employed to protect the attorney-client relationship and is a "drastic measure which courts should hesitate to impose except when absolutely necessary." *Cromley v. Bd. of Ed.*

*of Lockport Twp. High Sch. Dist. 205*, 17 F.3d 1059, 1066 (7th Cir. 1994) (quoting *Freeman v. Chi. Musical Instrument Co.*, 689 F.2d 715, 721 (7th Cir. 1982)); *see also Owen v. Wangerin*, 985 F.2d 312, 317 (7th Cir. 1993). Motions to disqualify "should be viewed with extreme caution for they can be misused as techniques of harassment." *Freeman*, 689 F.2d at 722. However, "the Seventh Circuit has instructed courts to resolve doubts in favor of disqualification." *Exterior Sys., Inc. v. Noble Composites, Inc.*, 175 F. Supp. 2d 1112, 1115 (N.D. Ind. 2001) (citing *United States v. Goot*, 894 F.2d 231, 235 (7th Cir. 1990)). A district court possesses "broad discretion" in determining whether disqualification is required in a particular case. *Cardenas v. Benter Farms*, No. IP 98-1067-C T/G, 2001 WL 292576, at *1 (S.D. Ind. Feb. 7, 2001) (quoting *Whiting Corp. v. White Mach. Corp.*, 567 F.2d 713, 715 (7th Cir. 1977)). The party seeking disqualification bears the burden of showing facts requiring disqualification. *Id.*

The Local Rules of this Court provide that the Rules of Professional Conduct as adopted by the Indiana Supreme Court, along with the Standards for Professional Conduct adopted by the Seventh Circuit, provide the standard of conduct for those practicing in this court. *See* N.D. Ind. Local Rule 83-5(e). Defendants move to disqualify Attorney Brown pursuant to Indiana Rule of Professional Conduct 3.71(a), which provides:

> A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
> (3) disqualification of the lawyer would work substantial hardship on the client.

Ind. R. Prof. Cond. 3.7(a). "In determining whether to disqualify counsel, a court is directed by Rule 3.7 to conduct a balancing between the interests of the client and those interests of the opposing

party." *Hutchinson v. Spanierman*, 190 F.3d 815, 828 (7th Cir. 1999) (discussing the commentary to Indiana Rule of Professional Conduct 3.7). Especially if it occurs later in the case, disqualification can have "'immediate, severe, and often irreparable ... consequences' for the party and disqualified attorney [because] [d]isqualifying a lawyer immediately deprives the losing party from the 'representation of his choice' and disrupts the litigation." *Watkins v. Trans Union, LLC*, 869 F.3d 514, 519 (7th Cir. 2017) (quoting *Freeman*, 689 F.2d at 719). The primary consideration of Rule 3.7 is whether the lawyer is a "necessary witness." *Knowledge A-Z, Inc. v. Sentry Ins.*, 857 N.E.2d 411, 418 (Ind. Ct. App. 2007). When the attorney's testimony is "relevant, material, and unobtainable elsewhere," the rule's necessity requirement is met. *Borom v. Town of Merrillville*, No. 2:07 CV 98, 2007 WL 1797639, at *2 (N.D. Ind. June 19, 2007) (quoting *Stewart v. Bank of Am. N.A.*, 203 F.R.D. 585, 586 (M.D. Ga. 2001); citing *Carta ex. rel. Estate of Carta v. Lumbermens Mut. Cas. Co.*, 419 F. Supp. 2d 23, 29 (D. Mass. 2006); *Macheca Transp. Co. v. Philadelphia Indem. Ins. Co.*, 463 F.3d 827, 833 (8th Cir. 2006). The Court must weigh the client's interest in continued representation against the risk of prejudice to the opposing party. *Hutchinson*, 190 F.3d at 828.

The parties agree that Attorney Brown is one of only two occurrence witnesses to the incident which forms the basis for the complaint. Plaintiff allegedly slipped while descending wooden steps at the golf course. There were two other people there, Attorney Brown and one other person playing golf with them. Plaintiff argues that because there was one other person present when he was injured, Attorney Brown is not a necessary witness. Plaintiff also argues that Defendants cannot meet their burden of showing that Attorney Brown's testimony is relevant and cannot be obtained elsewhere because Defendants do not know what Attorney Brown's testimony would be. Although Defendants requested a deposition of Attorney Brown, it has not been held. Defendants

argue that a determination of the relevance of Attorney Brown's testimony can be made without knowing exactly what his testimony will be. They argue that Attorney Brown's testimony is necessary since there were only two people present when Plaintiff allegedly fell, so his perspective on the incident was unique. This is not a situation where there were a number of witnesses to the occurrence which is alleged to give rise to liability, with multiple people who could give testimony about what happened from different vantage points: in this case, there were only two other people present who saw what happened, from different perspectives. Plaintiff does not argue that Attorney Brown's testimony would not be relevant, or that it would be completely cumulative of the other witness; he simply argues that Defendants cannot meet their burden of showing his testimony is necessary since they do not yet know what it would be - since the attorney has not sat for a personal deposition in his client's case. "However, the likelihood that an attorney is a necessary witness does not require certain proof that the attorney will be a witness." *Borom*, 2007 WL 1797639, at *2.

It is apparent that Attorney Brown is a necessary witness, giving testimony related to the very contested issue that is at the center of the case from a unique perspective. As the Seventh Circuit has pointed out, "[t]he comment accompanying Rule 3.7 cautions that, when an attorney fails to comply with this Rule, '[i]t may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof.'" *Cerros v. Steel Techs., Inc.*, 398 F.3d 944, 955 (7th Cir. 2005). That concern is particularly relevant here, where the attorney was an eyewitness of the event and has his own memories of how the event occurred, opinions that are likely to intrude upon his advocacy. Furthermore, Plaintiff does not argue that the disqualification of Attorney Brown would work substantial hardship on the client, and the exceptions to disqualification do not apply in this case.

Defendants argue that Attorney Brown should be disqualified not only from acting at trial but also from representing Plaintiff in pretrial proceedings. At this point in the proceedings, Attorney Brown has obviously been participating in discovery, including depositions. Some courts addressing similar situations have concluded that complete disqualification from the time of the motion is appropriate, *see, e.g., Freeman v. Vicchiarelli*, 827 F. Supp. 300, 304 (D.N.J. 1993) ("If the attorney-witness rule operated only at the trial stage of litigation as Plaintiff suggests, the policies inherent in RPC 3.7 would be defeated. . . . Early application of the attorney-witness rule is necessary for the smooth operation of adversarial adjudication."); while others have concluded that counsel disqualified under Rule 3.7 "are not precluded from doing legal research, formulating discovery, preparing pleadings, writing briefs, and lending their antitrust (or other) expertise to the preparations for trial of this case; [but] [t]aking depositions and arguing pre-trial motions in court are another matter" because "[w]here the questioner personally knows many details and facts about a case, . . . there is the danger that deposition questions will become testimony." *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 872 F. Supp. 1346, 1380-81 (E.D. Pa. 1994).

In this case, it is obviously inappropriate for Attorney Brown to serve as the attorney at his own deposition, which should proceed as soon as reasonably feasible, and his personal knowledge of the events at the core of this case disqualify him from taking any additional depositions or arguing any motions in Court. The Court will set this matter for a status hearing on discovery and attorney representation by separate order.

### III. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the Motion to Disqualify Plaintiff's Attorney [DE 22]. The Court **ORDERS** that Attorney Jeffrey Grant Brown is disqualified from representing Plaintiff at trial or at any future depositions, and will set this matter for a status hearing by separate order to determine whether he needs to withdraw entirely from the case at this time and how discovery should proceed.

SO ORDERED this 9th day of October, 2018.

                                           s/ John E. Martin
                                          MAGISTRATE JUDGE JOHN E. MARTIN
                                          UNITED STATES DISTRICT COURT

cc:     All counsel of record